UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JUWAN T MATTHEWS,

          Petitioner,

                                                  Case No. 20-cv-1648-bhl

   v.

UNITED STATES OF AMERICA,

          Respondent.

## ORDER DENYING PETITIONER'S §2255 MOTION

      On October 30, 2020, petitioner Juwan Matthews filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255. Matthews contends he received insufficient sentencing credit for the time he was detained awaiting his trial in 2011. (ECF No. 1.) On December 21, 2020, the Court questioned whether Matthews motion was timely or moot, given the time that had passed since his sentencing and given that he appeared to have already completed his federal sentence. (ECF No. 2.) Matthews filed a response on January 5, 2021. (ECF No. 3.) Based on the response, it is clear that the motion must be denied because Matthews has failed to exhaust available administrative remedies for correcting a sentence credit calculation and because his motion is moot.

      A prisoner may file a motion under §2255 to challenge a sentence that was "imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). In order to file such a motion, the prisoner must be "in custody under sentence of a court established by Act of Congress." *Id.* The Court must hold a hearing when "a petitioner alleges facts that, if true, would entitle him to relief." *Day v. United States*, 962 F.3d 987, 992 (7th Cir. 2020) (citing *Torres-Chavez v. United States*, 828 F.3d 582, 586 (7th Cir. 2016)). However, the judge may deny a hearing if "the files and records of the case conclusively show that the prisoner is entitled to no relief." *Day*, 962 F.3d at 992 (citing 28 U.S.C. §2255(b)).

In his filings, Matthews makes clear that he is seeking "pre-trial custody credit that was not applied/awarded at sentencing." (ECF No. 3.) Even if all his allegations are true, the Court cannot grant him this relief. Petitioner's original judgment states "[d]efendant shall be given credit for time served, if any, as determined/calculated by the United States Bureau of Prisons." *United States v. Matthews*, Case No. 11-cr-11 (E.D. Wis. Sept. 7, 2011), ECF No. 33. It is the Attorney General's responsibility, acting through the Bureau of Prisons (BOP), to make this calculation. *See United States v. Walker*, 917 F.3d 989, 993-94 (7th Cir. 2019) (citing *United States v. Wilson*, 503 U.S. 329, 334 (1992). If petitioner does not believe that the BOP correctly calculated his sentencing credit, he must seek relief through the BOP's administrative remedies found in 28 C.F.R. §§542.10-542.16. *See Walker*, 917 F.3d at 994. Until petitioner exhausts his administrative remedies, this Court does not have jurisdiction to review the computation of his sentencing credit. *See United States v. McGee*, 60 F.3d 1266, 1272 (7th Cir. 1995). After exhausting available administrative remedies, if the petitioner still does not believe he has received the correct amount of sentencing credit, he may be able to file a petition for habeas corpus under 28 U.S.C. §2241. *Walker*, 917 F.3d at 994.

However, even if the petitioner had exhausted his administrative remedies as required, the Court would still have to deny the motion as moot. Matthews believes his motion is not moot because, even though he is no longer imprisoned because of his federal sentence, he has yet to fulfill the three years of supervised release imposed by that sentence. (ECF No. 3.) Although an unfulfilled term of supervised release does satisfy the "custody" requirement of §2255, *see Clarke v. United States*, 703 F.3d 1098, 1101 (7th Cir. 2013), in petitioner's case, it does not preserve a "live case or controversy." *See Zaetler v. United States*, 9 F.3d 113 (7th Cir. 1993) (unpublished table decision) (citing *North Carolina v. Rice*, 404 U.S. 244, 248 (1971)).

Matthews has completed his federal term of imprisonment and was turned over to the State of Wisconsin. He is now serving a sentence imposed by the State and is scheduled to be released in 2042. (ECF No. 3.) He seeks approximately 245 days of sentencing credit. (ECF No. 1.) However, §2255 only allows this Court to "vacate, set aside or correct" his federal sentence. Since sentencing credit cannot be applied to a sentence that has already been served, and sentencing credit cannot shorten a period of supervised release, s*ee* 18 U.S.C. §3624(e), the petitioner's request, even if granted, will have no effect on his sentence. Therefore, the motion must be denied as moot. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for relief under §2255, (ECF No. 1), is **DENIED**, and this case is **DISMISSED**. Additionally, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the Court will not issue a certificate of appealability because the petitioner has not "made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253.

Dated at Milwaukee, Wisconsin on January 11, 2021.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge